Andrew COOPER, Joan C. Bacchus and Paul S. Kerrigan, Plaintiffs,

v.

James M. POWER et al., Defendants.

No. 66–Civil–594.

United States District Court
E. D. New York.
March 21, 1968.

See also, D.C., 260 F.Supp. 207.

Milton H. Friedman, New York City (Friedman & Perlin, New York City, of counsel), for plaintiffs.

George D. Zuckerman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, Albany, N. Y., of counsel), for defendants Rockefeller and another.

Norman Redlich, New York City (J. Lee Rankin, Corp. Counsel of the City of New York, and Edward L. Johnson, New York City, of counsel), for defendant Board of Elections of the City of New York.

George R. Ruditz, New York City (A. Sheinberg, New York City, of counsel), for defendant E. Celler.

J. Slavin, New York City, for defendant Brasco.

Robert L. Carter and Joan Franklin, New York City, for the National Association of Colored People as amicus curiae.

Before MOORE, Circuit Judge, ZAVATT, Chief Judge, and DOOLING, District Judge.

MOORE, Circuit Judge.

Subsequent to the affirmance by the Supreme Court of Wells v. Rockefeller, 273 F.Supp. 984 (S.D.N.Y.), affirmed per curiam, 389 U.S. 421, 88 S.Ct. 578, 19 L.Ed.2d 651 (December 18, 1967), the Legislature has repealed the State law whereunder congressional districts previously had been established, and enacted a new law (S.3980; A.5780) whereby new congressional districts are established. This law was passed by the State Assembly and Senate and became law on February 26, 1968 upon the Governor's signature. Thus, the 10th, 11th, 12th, 14th and 15th congressional districts, the focal point of plaintiffs' attack are no longer in existence and have been superseded by other and different districts. The new districts, insofar as they involve Kings County, are the 10th through 16th. The population range of these districts is from 417,040 to 417,478. Thus, the wide population disparities in former Kings County districts have been elminated and virtual equality of population achieved.

The procedures used in creating the new districts are described in the "Interim Report of the Joint Legislative Committee on Reapportionment." On an over-all State basis, the new districts have a maximum deviation above the State mean of 6.488% (1960 census figures). The reasons for such variations as there may be are set forth in the Committee's report. See also the decision and opinion of the three-judge court in Wells v. Rockefeller, 281 F.Supp. 821, decided March 20, 1968, and filed in the Southern District of New York, upholding the new law after hearing objections thereto.

Since the issues raised in the complaint and upon the trial have become moot as the result of the recent legislative enactment, the complaint must be dismissed.

Settle judgment on notice.

DOOLING, District Judge (dissenting).

Since the plaintiffs had a valid complaint against the racial gerrymandering in Kings County, they have a dependent right to have the Court determine whether or not the redistricting adequately remedies the wrong of which they complained. Compare Wells v. Rockefeller, S.D.N.Y., March 20, 1968, 281 F.Supp. 821. The case is not moot, nor could it be mooted by the Court's failure to adjudicate the plaintiffs' claims before the enactment of the new districting law.